

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 8, 1975

The Honorable Tom Hamilton          Opinion No. H- 489
District Attorney
Courthouse                          Re:   Whether quarters of
Plainview, Texas 79072                    fraternal and veterans
                                          organizations and private
                                          clubs are "private places"
                                          within section 47. 02, Penal
Dear Mr. Hamilton:                        Code

    You have requested an opinion as to whether quarters of fraternal and veterans' organizations and private clubs are "private places" within section 47. 02(b) of the Penal Code.

    Chapter 47 of the Penal Code contains the penal provisions proscribing gambling and related activities. Section 47.02(b) provides as one element of a defense to a gambling prosecution that "the actor engaged in gambling in a private place." Section 47. 01(7) defines a private place as:

> a place to which the public does not have access,
> and excludes, among other places, streets,
> highways, restaurants, taverns, nightclubs,
> schools, hospitals, and the common areas of
> apartment houses, hotels, motels, office
> buildings, transportation facilities and shops.

    Article 666-15e, Penal Auxiliary Laws, part of the Texas Liquor Control Act, defines a private club:

> (a) 'Private Club' shall mean an association of
> persons, whether unincorporated or incorporated
> under the laws of the State of Texas, for the
> promotion of some common object and whose mem-
> bers must be passed upon and elected as individuals,
> by a committee or board made of members of the
> club.

The Act further implies that services shall be limited to members and their guests.

The State Bar committee which drafted the proposed Penal Code discussed the defense in question as follows:

> The committee's main concern is to prohibit
> social gambling in public places . . . . The defense
> is not extended to clubs and other locations that are
> only nominally private and to which, in fact, the
> public has access.
> State Bar Committee on Revision of Penal Code.
> A Proposed Revision of Texas Penal Code at 330
> (Final Draft 1970).  See Practice Commentary,
> Penal Code § 47.02 at 306.

The committee's draft of the defense was adopted by the Legislature without change, thus it is reasonable to assume that the Legislature intended the provision to have the effect the committee said it would.

In our opinion, whether quarters of private clubs and fraternal and veterans' organizations are "private places" for purposes of establishing one element of the defense to a gambling prosecution under section 47.02(b) depends on whether such quarters are in fact places to which the public does not have access, and are not only nominally private.

## S UM MA R Y

Whether the quarters of private clubs and fraternal and veterans' organizations are "private places" for purposes of the defense to a gambling prosecution depends on whether such quarters are in fact places to which the public does not have access, and are not only nominally private.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL,  First Assistant

C. ROBERT HEATH,  Chairman
Opinion Committee